NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IVY DARLENE JOHNSON, | No. 19-17359 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-04793-SMB |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Submitted May 13, 2022[**]
Pasadena, California

Before: WATFORD and FRIEDLAND, Circuit Judges, and AMON,[***] District
Judge.

Ivy Darlene Johnson appeals pro se the district court's affirmance of the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Carol Bagley Amon, United States District Judge for
the Eastern District of New York, sitting by designation.

denial by the Social Security Administration ("agency") of her application for disability insurance benefits under Title II of the Social Security Act. 28 U.S.C. § 1291; 42 U.S.C. § 405(g). We review the agency's decision de novo. *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016). That decision must be affirmed if it is supported by substantial evidence and the agency applied the correct legal standards. *Id.* We reverse.

1. The Social Security Appeals Council had remanded this case to the ALJ in 2016 to reassess Johnson's residual functional capacity ("RFC") with full consideration of her mental impairments and to obtain evidence from a vocational expert. Without considering any new evidence (except Johnson's own testimony) about her mental impairments, the ALJ—who had previously found those mental impairments to be "severe"—reassessed them as "nonsevere." In doing so, the ALJ discounted psychological evaluations from Dr. Marcel Van Eerd and Dr. Elliot Salk, affording them "little weight"—notwithstanding that the ALJ had previously afforded those evaluations "some weight"—explaining there was no evidence in the record that Johnson had ever sought formal mental health treatment.

Absent "new, highly probative" evidence, "[t]he law of the case doctrine generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case." *Stacy v. Colvin*, 825 F.3d

2

563, 567 (9th Cir. 2016); *see id.* (holding that the law of the case doctrine applies in administrative proceedings before the Social Security Administration). Because the ALJ has pointed to no new evidence that would justify its decision to reassess the severity of Johnson's mental symptoms, the ALJ abused his discretion in downgrading the severity of Johnson's mental impairments. *See id.*[1]

2. Johnson testified about her mental and physical symptoms at hearings before the ALJ in 2014 and 2016. "To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* at 1036 (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). "Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can

---

[1] What is more, because Johnson's mental impairments are closely related to her more salient physical impairments, it is unreasonable to fault her for not separately seeking formal mental health treatment. *See* SSR 16-3p, 2017 WL 5180304, at *9 (Oct. 25, 2017) ("We will not find an individual's symptoms inconsistent with the evidence in the record [on the basis of not seeking treatment] without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints."). "Indeed, we have particularly criticized the use of a lack of treatment to reject mental complaints." *Regennitter v. Comm'r of the Soc. Sec. Admin.*, 166 F.3d 1294, 1299 (9th Cir. 1999).

reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Id.* (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)).

In his 2017 decision, the ALJ found that Johnson had an impairment that could be expected to cause some of her symptoms, but he did not fully credit her statements regarding the "intensity, persistence and limiting effects" of her symptoms. The ALJ offered two reasons for discrediting Johnson's symptom testimony: first, her symptoms could not be "objectively verified with any reasonable degree of certainty," and second, Johnson generally had "normal to mild cardiac diagnostic findings following pacemaker implantation." Neither reason is a valid basis for discrediting Johnson's testimony. Although an ALJ may reject a claimant's testimony because it is *contradicted* by the medical evidence, *see Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008), "lack of medical evidence cannot form the sole basis for discounting pain testimony," *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Detailed medical records show that Johnson's doctors have repeatedly ruled out underlying coronary disease while continuing to monitor closely a serious ongoing condition involving cardiac arrhythmias and consistent allegations of chest pain, dizziness, and shortness of breath. Johnson's medical records do not contain evidence that fully explains her symptoms, but they also do not *contradict* her account of those

4

symptoms.[2]  The ALJ's decision to discount Johnson's testimony regarding the severity of her symptoms is therefore not supported by substantial evidence.

3.  The ALJ's decision to discount the opinion of Johnson's treating cardiologist, Dr. Kevin Berman, is also not supported by substantial evidence.  As a practical matter, Dr. Berman's 2011 opinion concerning Johnson's *post-operative* condition, following the implantation of her pacemaker, may have limited relevance to determining Johnson's ongoing disability status during the relevant period.  *But see Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("A reviewing court may not make independent findings based on the evidence before the ALJ to conclude that the ALJ's error was harmless.").  But, contrary to the conclusion of the ALJ, Dr. Berman's opinion was not internally inconsistent or contradicted by his treatment notes.  Absent further explanation, there is no inherent inconsistency between a doctor noting that a patient has "no limitation" pursuant to a cardiac functional capacity assessment but that the patient has other physical limitations on her ability to work.  Indeed, those findings are readily

---

[2] The only evidence in the record cited by the ALJ that purportedly contradicts Johnson's symptom testimony are medical records from 2011 and 2012.  The ALJ noted those records do not show any muscle atrophy and therefore tend to disprove the notion Johnson is as limited in her daily functions as she claims.  But those medical records are from the very beginning of Johnson's purported period of disability and pre-date her 2014 testimony about her limited activities as well as the first instance in the record when she reported having to stay in bed for long periods of time.

explained by Dr. Berman's notes that Johnson had "no recovery from pain" from her recent surgery.

4.  In light of the ALJ's errors, his conclusion that Johnson is not disabled must be reversed.  An ALJ must "consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe,'" in determining the RFC.  *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (quoting SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996)).  Here, the mental impairments identified by Dr. Van Eerd and Dr. Salk—deficits in Johnson's concentration and her ability to follow instructions—were relevant in assessing her RFC and her ability to work.  In determining Johnson's RFC, the ALJ did not incorporate the symptoms that Johnson testified about or the limitations Dr. Van Eerd and Dr. Salk reported.  Those symptoms and limitations were, accordingly, omitted from the hypothetical the ALJ presented to the vocational expert in determining Johnson's ability to work.  *See Valentine v. Comm'r Soc. Sec. Admin.,* 574 F.3d 685, 690 (9th Cir. 2009) ("The hypothetical an ALJ poses to a vocational expert, which derives from the RFC, 'must set out *all* the limitations and restrictions of the particular claimant.'" (quoting *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988))).  In fact, when the vocational expert was posed a hypothetical by Johnson's counsel that included more of Johnson's limitations, that expert agreed that Johnson would not be able to return to her work as a social worker.  As a result, the ALJ's

conclusion that Johnson can return to her job as a social worker is "defective," *id.*, and is not supported by substantial evidence.

5. We remand to the agency for further proceedings. Even if we were to credit as true Johnson's testimony about the severity of her symptoms and the other evidence about her mental impairments, the current record is not sufficiently developed to determine, at step five of the disability inquiry, whether Johnson has been unable to "engage in any other kind of substantial gainful work which exists in the national economy," 42 U.S.C. § 423(d)(2)(A), since her alleged onset of disability in February 2011. *See Smolen*, 80 F.3d at 1292 (explaining that a remand for payment of benefits, instead of for further proceedings, is appropriate if "there are no outstanding issues that must be resolved before a determination of disability can be made" and "it is clear from the record that the ALJ would be required to find the claimant disabled"). On remand, the agency is directed to reevaluate the record—and, specifically, to consider evidence regarding Johnson's mental impairments and symptoms—to determine whether Johnson is disabled.

Finally, we note that Johnson's claim has now been pending for a decade and thus urge the agency to proceed on Johnson's claim as rapidly as possible on remand. *Cf. Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095-96 (9th Cir. 2021).

**REVERSED and REMANDED.**[3]

---

[3] Because Johnson is the prevailing party on this appeal, her motion for appointment of pro bono counsel (Dkt. No. 19) is DENIED as unnecessary.